UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/12

----------------------------------------X

NORMAN RUND,  :   10 Civ. 5284(LAP)
              :
         Plaintiff,  :
              :
    v.        :   MEMORANDUM AND ORDER
              :
JPMORGAN CHASE GROUP LONG TERM  :
DISABILITY PLAN and HARTFORD LIFE &  :
ACCIDENT INSURANCE COMPANY,  :
              :
         Defendants.  :

----------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

Defendants JPMorgan Chase Group Long Term Disability Plan and Hartford Life & Accident Insurance Company ("Hartford" or "Defendants") bring this motion to strike Plaintiff Norman Rund's ("Plaintiff" or "Rund") Affidavit (the "Rund Affidavit") and portions of Paul M. Kampfer, Esq.'s Affirmation ("Kampfer Affirmation") in support of his motion for summary judgment. For the reasons set forth below, Defendants' motion to strike [dkt. no. 36] is GRANTED.

Both parties have acknowledged that Plaintiff's Affidavit is not part of the administrative record that was before the claims administrator when the decision was made to discontinue Plaintiff's long term disability benefits. (See Defendants' Memorandum of Law in Support of Motion to Strike ("Def. Mem.") at 1; Plaintiff's Memorandum of Law in Opposition to Defendants'

1

Motion to Strike ("Opp.") at 2.)   Defendants wish to strike
Paragraph 5 and Exhibit "B" of the Kampfer Affirmation which was
submitted in support of Plaintiff's motion for summary judgment.

I.   Standard of Review

    "Because a decision on the motion to strike may affect [the
movant's] ability to prevail on summary judgment, it is
appropriate to consider the Motion to Strike prior to [the
parties' motions for partial] summary judgment."   Century
Pacific, Inc. v. Hilton Hotels Corp., 528 F. Supp. 2d 206, 213
(S.D.N.Y. 2007) (internal quotation marks omitted).   Rule
56(c)(4) of the Federal Rules of Civil Procedure requires that
"[a]n affidavit or declaration used to support or oppose a
motion must be made on personal knowledge, set out facts that
would be admissible in evidence, and show that the affiant or
declarant is competent to testify on the matters stated."   Fed.
R. Civ. P. 56(c)(4).   It is therefore the rule that "only
admissible evidence" need be considered on summary judgment.
Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997).     "The
principles governing admissibility of evidence do not change on
a motion for summary judgment." Id.

    When a court reviews an administrator's discretionary
decision determining eligibility for benefits under a
discretionary standard of review, the court may not consider
evidence outside of the administrative record.   Miller v. United

Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995).  The
administrative record consists of the documents before the
claims administrator when the decision regarding benefits was
made.  See Krizek v. Cigna Group Ins., 345 F.3d 91, 97 (2d Cir.
2003).  Thus, the Court here may not consider evidence outside
the administrative record.

II.  Analysis

     A.   Rund Affidavit

     Plaintiff contends that the facts stated in the Rund
Affidavit are either drawn from the administrative record,
admitted, or taken for granted by the Defendants, (see Opp. at
2), and are therefore not "outside the administrative record."
See Krizek, 345 F.3d at 97.

     Plaintiff's affidavit was not part of the administrative
record before the claims administrator when the decision was
made and is therefore inadmissible.  The plaintiff himself
admits that this Court cannot consider evidence outside the
record used to make the benefit determination.  (See Opp. at 1.)
It is irrelevant that the affidavit may be composed primarily of
information drawn from the administrative record.  The crucial
fact is that the affidavit itself was not reviewed by the
administrator who denied the plaintiff further benefits.  The
Court of Appeals has made clear that "district courts may
consider only the evidence that the fiduciaries themselves

considered." Miller, 72 F.3d at 1071.  Therefore, the Court

finds it proper to strike Rund's Affidavit.

     B.   Portions of Kampfer Affirmation

     In his motion for summary judgment, Rund refers to Exhibit

"B" to Kampfer's Affirmation, which is the Chase Guide to

Benefits.  The document was never properly authenticated and is

not part of the administrative record.  Plaintiff does not argue

that the Guide to Benefits should be considered by the Court

because of any issues with Hartford's LTD Plan.  Although

Plaintiff cites to Allison v. Unum Life Ins. Co., No. 04 Civ.

0025, 2005 WL 1457636, at *10 (E.D.N.Y. Feb. 11, 2005), in

support of the proposition that certain extra-record material is

admissible in certain situations, (see Opp. at 4), Plaintiff has

not demonstrated the applicability in this case.  In Allison,

the opposing parties did not agree on what comprised the

administrative record, and Plaintiff requested that the court

consider extra-record material.  Allison, 2005 WL 1457636, at

*9.  The District Court for the Eastern District of New York,

using a de novo standard of review, could consider limited

evidence outside of the administrative record.  Id. at *10.

Here, the Court is reviewing the motions under a deferential

standard of review, but moreover, there is no dispute as to what

constituted the administrative record.  It is inappropriate for

the Court to consider paragraph 5 and Exhibit "B" of the Kampfer Affirmation.

C.   Rund's Cross-Motion to Strike

Plaintiff urges the court to strike the Declarations of Bruce Luddy and Donna Gatling submitted in support of Defendants' motion for summary judgment.[1]  The principles guiding the admissibility of evidence do not change when a party has moved for summary judgment.  Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997).  As noted above, the Federal Rules require that any declaration submitted to "support or oppose a motion must . . . set out facts that would be admissible in evidence." Fed. R. Civ. P. 56(c)(4).  Plaintiff did not properly move to strike the Luddy and Gatling Declarations, but, even if he had, those Declarations were properly submitted in support of Defendants' motion for summary judgment and are admissible evidence.   Accordingly, Plaintiff's request to strike the Luddy and Gatling Declarations is denied.

_____

[1] It is questionable whether the Plaintiff has formally and properly made a motion to strike these declarations.  Plaintiff briefly and generally asks in his Opposition that if the court were to strike their supporting affidavit, the same fate must befall Defendants' declarations.

CONCLUSION

For the reasons stated above, Defendants' motion to strike [dkt. no. 36] is GRANTED in its entirety, and Plaintiff's motion to strike is DENIED.

SO ORDERED.

Dated:    New York, New York
          March 30, 2012

_Loretta A. Presska_

LORETTA A. PRESKA,

CHIEF U.S.D.J.